UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BRENDA WILLIAMS ) | |
| ) | |
| Plaintiff, ) | Case No.: 3:25-cv-06874-MGL-SVH |
| ) | |
| vs. ) | |
| ) | |
| SOUTH CAROLINA ) | COMPLAINT |
| DEPARTMENT OF ) | |
| CORRECTIONS ) | |
| ) | |
| Defendant. ) | |

## INTRODUCTION

1. This lawsuit is brought by Brenda Williams, an African American female, against the South Carolina Department of Corrections, her employer, alleging violations of federal and state laws prohibiting discrimination based on sex, as well as a hostile work environment due to federal and state law claims. This action is brought to enforce the plaintiff's rights and to hold Centerra accountable for its discriminatory practices.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the laws of the United States, including Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.), and 28 U.S.C. § 1343(a)(3) and (4), which confer jurisdiction over actions to secure equitable or other relief under federal civil rights statutes.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims in this action that they form part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims occurred within the District of South Carolina, and Defendant South Carolina Department of Corrections is located and conducts business within this District.

5. The acts and omissions alleged herein occurred in Columbia Division, District of South Carolina.

## PARTIES

6. **Plaintiff Brenda L. Williams** ("Plaintiff") is an individual residing in Lexington, South Carolina 29073. Plaintiff is an African American female, born on February 12, 1963, who has been employed by Defendant South Carolina Department of Corrections since 2009 in the capacity of a Registered Nurse. At all times relevant to this action, Plaintiff has performed her job duties admirably and has been qualified for her position. Plaintiff is a member of protected classes based on her sex, race, and age.

7. **Defendant South Carolina Department of Corrections** ("Defendant" or "SCDC") is a state government agency organized and existing under the laws of the State of South Carolina, with its principal place of business at 4444 Broad River Road, Columbia, South Carolina 29221. SCDC is an employer within the meaning of Title VII of the Civil Rights Act of 1964, employing more than 500 employees at all relevant times. SCDC is responsible for the operation of correctional facilities throughout South Carolina and for the employment, supervision, and training of its staff, including Plaintiff.

## CONDITIONS PRECEDENT

8. Plaintiff timely filed a complaint with the EEOC and has received a Right to Sue Notice. Plaintiff has timely filed this suit within 90 days of receipt.

## PRELIMINARY ALLEGATIONS

9. Plaintiff Brenda L. Williams has been employed by Defendant South Carolina Department of Corrections ("SCDC") since 2009 as a Registered Nurse. Throughout her employment, Plaintiff has performed her duties in a professional and exemplary manner and has been qualified for her position at all relevant times.

10. On or about July 2, 2023, Plaintiff arrived at her worksite at 4444 Broad River Road, Columbia, South Carolina. As part of standard procedure, Plaintiff was required to pass through a facility metal detector operated by Sergeant Melanie Clarke. During this process, Sergeant Clarke made a comment to Plaintiff that she had "never seen this on a female before," referring to a supposed image of a penis on the scanner. This comment was made in the presence of other staff and was directed at Plaintiff because of her sex.

11. Following this, Officer Ayomi and Lieutenant Sumter, along with Sergeant Clarke, reviewed the scanner image, made jeering remarks, and displayed condescending behavior toward Plaintiff. Plaintiff's requests for information about the scan were ignored. Subsequently, Captain John and Lieutenant Robinson also reviewed the scan and participated in the humiliating conduct. Plaintiff was not provided with an explanation or afforded the standard procedures, such as a rescan or pat-down, that would have been appropriate under SCDC policy.

12. After approximately 30–45 minutes, Captain John presented Plaintiff with the option of submitting to a strip search or facing possible termination. Fearing for her job, Plaintiff acquiesced and was subjected to a strip search in a male bathroom, where she was required to remove her clothing and squat and cough while naked. This action was not justified by the circumstances and was motivated by discriminatory animus based on Plaintiff's sex. Had

Plaintiff been male, she would not have been subjected to such treatment under similar circumstances.

13. After the strip search, Plaintiff was required to undergo another scan and was ultimately cleared. Plaintiff informed the involved officers that she intended to report their conduct to management. In the days that followed, Plaintiff was subjected to further humiliation as other officers, both male and female, became aware of the incident and discussed it openly, causing Plaintiff additional embarrassment and distress.

14. On July 3, 2023, Plaintiff filed an incident report with SCDC regarding the strip search and related conduct. That same day, Officer Ayomi made further harassing remarks to Plaintiff as she attempted to go through the scanner, continuing the pattern of hostile and retaliatory behavior.

15. On July 4, 2023, Plaintiff learned that Sergeant Clarke was spreading rumors instructing others to "pat [Plaintiff] down" upon entering the building. On July 5, 2023, Plaintiff reported the sexually hostile work environment and sexual harassment to Employee Relations, but no remedial action was taken. Plaintiff also reported the incident to her supervisor, Director of Nursing Wanda Sermons, and together they met with Chief of Security Dennis Patterson. Mr. Patterson confirmed that the involved officers had violated SCDC procedures and that the scanner image was not Plaintiff, but no disciplinary or corrective action was taken against the perpetrators.

16. On July 24, 2023, Plaintiff met with Warden Wallace to discuss her concerns. Although Warden Wallace apologized, she failed to take any action to address Plaintiff's complaints or to prevent further harassment.

17. As a result of these events, Plaintiff has been subjected to a sexually hostile work environment, discrimination based on sex, and retaliation for engaging in protected activity. Defendant SCDC failed to take prompt and effective remedial action in response to Plaintiff's complaints, in violation of its own policies and procedures as well as federal and state law.

18. The discriminatory and retaliatory conduct described herein has caused Plaintiff significant emotional distress, humiliation, and harm to her professional reputation and standing within the workplace.

## CAUSES OF ACTION

### Count I: Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964

19. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

20. Defendant SCDC is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and is therefore subject to its provisions.

21. Plaintiff is a member of a protected class based on her sex (female).

22. On or about July 2, 2023, Plaintiff was subjected to disparate and adverse treatment by SCDC employees, including but not limited to being singled out for humiliating comments regarding her anatomy, being denied standard procedures such as a rescan or pat-down, and being forced to submit to a strip search under threat of termination, all of which were motivated by her sex.

23. Similarly situated male employees would not have been subjected to such treatment under comparable circumstances.

24. Defendant's actions, through its employees and agents, constitute unlawful discrimination against Plaintiff on the basis of sex in violation of Title VII.

25. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, loss of professional reputation, and other damages.

### Count II: Sexual Harassment and Hostile Work Environment in Violation of Title VII

26. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

27. Plaintiff was subjected to unwelcome conduct of a sexual and gender-based nature, including humiliating comments, jeering, and a strip search based on alleged anatomical features, as well as ongoing rumors and harassment following the incident.

28. The conduct was severe and pervasive, creating a hostile and abusive work environment that interfered with Plaintiff's ability to perform her job and altered the terms and conditions of her employment.

29. Defendant knew or should have known of the harassment, as Plaintiff promptly reported the conduct to Employee Relations, her supervisor, and other management officials, yet Defendant failed to take prompt and effective remedial action.

30. The hostile work environment to which Plaintiff was subjected was based on her sex and would not have occurred but for her gender.

31. As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered and continues to suffer emotional distress, humiliation, and other damages.

### Count III: Retaliation in Violation of Title VII

32. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

33. Plaintiff engaged in protected activity under Title VII by reporting the discriminatory and harassing conduct to SCDC management, Employee Relations, and her supervisor.

34. Following her complaints, Plaintiff was subjected to further adverse treatment, including harassing remarks, rumors, and a failure by Defendant to take corrective action, all in retaliation for her protected activity.

35. Defendant's actions constitute unlawful retaliation against Plaintiff for engaging in activity protected by Title VII.

36. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, and other damages.

**Count IV: Breach of Contract — Violation of Employment Handbook Promises**

37. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

38. At all relevant times, Defendant SCDC maintained an employment handbook and/or written policies and procedures that set forth the terms and conditions of employment for its employees, including Plaintiff.

39. The SCDC employment handbook and related policies expressly and/or impliedly promised that SCDC would provide a workplace free from discrimination and harassment, and that it would promptly and thoroughly investigate complaints of discrimination, harassment, and retaliation. These promises included, but were not limited to, commitments to:

- Prohibit discrimination and harassment on the basis of sex and other protected characteristics;
- Maintain a process for employees to report discrimination, harassment, and retaliation without fear of reprisal;
- Promptly, fairly, and thoroughly investigate all complaints of discrimination, harassment, and retaliation;
- Take appropriate remedial action to prevent and correct unlawful conduct.

40. Plaintiff accepted and continued her employment with SCDC in reliance on the promises and representations contained in the employment handbook and related policies.

41. The employment handbook and policies constituted a binding contract, or in the alternative, an implied contract, between Plaintiff and SCDC, supported by mutual consideration.

42. Plaintiff made good faith complaints of discrimination, harassment, and retaliation to SCDC management, Employee Relations, and her supervisor, in accordance with the procedures set forth in the employment handbook and policies.

43. Defendant SCDC breached its contractual obligations to Plaintiff by:

- Failing to prevent and remedy discrimination and harassment in the workplace;
- Failing to conduct a prompt, fair, and thorough investigation into Plaintiff's complaints;

– Failing to take appropriate remedial or disciplinary action against the employees responsible for the discriminatory and harassing conduct;
– Allowing a sexually hostile work environment and retaliatory conduct to persist after Plaintiff's complaints.

44. As a direct and proximate result of Defendant's breach of its contractual obligations, Plaintiff has suffered and continues to suffer damages, including but not limited to emotional distress, humiliation, loss of professional reputation, and other economic and non-economic losses.

45. Plaintiff is entitled to all damages available under law for breach of contract, including but not limited to compensatory damages, costs, and such other relief as the Court deems just and proper.

46. Plaintiff reserves the right to amend this Complaint to include specific handbook provisions and additional facts as they become available through discovery.

**Count V: Negligence and Wrongful Acts — Negligent Supervision and Retention**

47. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

48. At all relevant times, Defendant SCDC owed Plaintiff a duty to exercise reasonable care in the supervision, training, and retention of its employees, including but not limited to Sergeants, Officers, Lieutenants, Captains, and other staff responsible for enforcing workplace policies and ensuring a safe, non-discriminatory work environment.

49. Defendant SCDC knew or should have known that its employees, including Sergeant Melanie Clarke, Officer Ayomi, Lieutenant Sumter, Captain John, and Lieutenant Robinson, engaged in discriminatory, harassing, and retaliatory conduct toward Plaintiff, including humiliating comments, improper strip search procedures, and ongoing harassment and rumor-mongering following Plaintiff's complaints.

50. Despite actual and constructive notice of the misconduct, Defendant SCDC failed to take prompt and effective remedial action to prevent, investigate, or correct the discriminatory and harassing conduct, and failed to discipline or otherwise address the actions of the employees involved.

51. Defendant SCDC further failed to adequately train its employees regarding anti-discrimination, anti-harassment, and anti-retaliation policies, and failed to enforce its own procedures for handling complaints of discrimination and harassment.

52. As a direct and proximate result of Defendant's negligent supervision, training, and retention of its employees, Plaintiff was subjected to a sexually hostile work environment, discrimination, retaliation, and resulting emotional distress, humiliation, and other damages.

53. Defendant's acts and omissions constitute negligence and other wrongful acts under the laws of the State of South Carolina.

54. Plaintiff is entitled to all damages available under law for negligent supervision and related wrongful acts, including but not limited to compensatory damages, costs, and such other relief as the Court deems just and proper.

## JURY DEMAND

55. Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brenda L. Williams respectfully requests that the Court enter judgment in her favor and against Defendant South Carolina Department of Corrections, and award the following relief:

1. **Compensatory Damages** for all emotional distress, humiliation, mental anguish, loss of professional reputation, and other non-economic and economic losses suffered as a result of Defendant's unlawful conduct, in an amount to be determined at trial;

2. **Back Pay and Front Pay** for lost wages, benefits, and other remuneration to which Plaintiff is entitled as a result of Defendant's discriminatory, retaliatory, and wrongful acts;

3. **Punitive Damages** to the extent permitted by law, for Defendant's willful and malicious violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

4. **Injunctive Relief** ordering Defendant to:
   - Cease and desist from all discriminatory, harassing, and retaliatory practices;
   - Implement and enforce effective policies and procedures to prevent discrimination, harassment, and retaliation in the workplace;
   - Provide training to all employees, supervisors, and management regarding anti-discrimination, anti-harassment, and anti-retaliation obligations;
   - Promptly and thoroughly investigate all complaints of discrimination, harassment, and retaliation, and take appropriate remedial action;

5. **Pre-judgment and Post-judgment Interest** as allowed by law;

6. **Attorneys' Fees and Costs** incurred in bringing this action, pursuant to 42 U.S.C. § 2000e-5(k) and other applicable law;

7. **Such other and further relief** as the Court deems just and proper, including but not limited to reinstatement, promotion, or other equitable remedies.

7

RESPECTFULLY BY:

s/Aaron V. Wallace
Aaron V. Wallace (11469)
Wallace Law Firm
1416 Laurel Street, STE B
Columbia, SC 29201
PH 803-766-3997
Fax:839-218-5786

July 8, 2025